65 F.3d 178
 130 Lab.Cas. P 33,243
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry W. LOGGINS, Plaintiff-Appellant,
v.
WHITNEY LEIGH CORPORATION, McDonald J. Beavers, and Vivian
Burnett, Defendants-Appellees.
 No. 93-5115.
 United States Court of Appeals, Tenth Circuit.
 June 8, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Loggins, formerly employed by Whitney Leigh Corporation to read gas pump meters at gas stations supplied by Whitney Leigh, filed suit against his one-time employer under the Fair Labor Standards Act, 29 U.S.C. Secs. 201-219. Mr. Loggins alleged that Whitney Leigh had denied him the overtime pay mandated by law. Whitney Leigh, in turn, disputed Mr. Loggins's claims of having worked more than forty hours per week; contended that Mr. Loggins had worked as an independent contractor and could not therefore claim overtime pay; and argued that, with respect to Mr. Loggins, the Fair Labor Standards Act was preempted by ICC regulations governing individuals employed in interstate transit.
 
 
 3
 A jury trial was held. At the close of the Defendants' case, Mr. Loggins moved for a directed verdict on the issue of his status as employee or independent contractor. The district court denied this motion, and the case went to the jury. The jury then returned a general verdict in favor of the Defendants. Mr. Loggins now appeals the denial of his motion for a directed verdict.
 
 
 4
 We overturn the district court's denial of a motion for a directed verdict only if the evidence, when construed in the light most favorable to the nonmoving party, "points but one way and is susceptible to no reasonable inferences supporting the [opposing] party." FDIC v. United Pacific Ins. Co., 20 F.3d 1070, 1079 (10th Cir.1994) (citations omitted). Mr. Loggins's appeal falls far short of meeting this standard. While the record contains some evidence that supports a conclusion favoring Mr. Loggins, we note that the contract signed by Mr. Loggins states (in capitalized type) "YOU ARE AN INDEPENDENT CONTRACTOR" and that the Internal Revenue Service has determined to treat gas meter readers as independent contractors. This evidence alone sufficed to send the matter to the jury.
 
 
 5
 The subsequent decision of the Oklahoma Court of Appeals--holding that Mr. Loggins was an employee of Whitney Leigh under Oklahoma's workers' compensation statute--does not undermine the decision of the district court. We note that the ruling of the Oklahoma Court of Appeals explicitly limited its scope to a determination of Mr. Loggins's status under the Oklahoma Workers' Compensation Act. The issue of Mr. Loggins's status under the Fair Labor Standards Act was neither raised nor decided. Principles of collateral estoppel do not therefore apply.
 
 
 6
 The decision of March 13, 1995, is vacated and this Order and Judgment replaces it. The decision of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470